## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-02542-MWC-AJR | Date | April 7, 2026 |
|---|---|---|---|
| Title | Yung Hoang Sexton v. D. Marin, et al. | | |

| Present: | Hon. A. Joel Richlin, U.S. Magistrate Judge |
|---|---|

| Ashley Silva-Elder | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Petitioner(s): | Attorneys for Respondent(s): |
|---|---|
| N/A | N/A |

| Proceedings (In Chambers): | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED WITH PERMANENT INJUNCTIVE RELIEF |
|---|---|

On March 6, 2026, *pro se* Petitioner Yung Hoang Sexton ("Petitioner") filed a Memorandum of Points and Authorities in Support of Petitioner's *Ex Parte* Motion for Temporary Restraining Order, which the Court broadly construes as a petition for writ of habeas corpus (the "Petition") and an *ex parte* application seeking emergency relief (the "*Ex Parte* Application"). (Dkt. 1.) Petitioner challenged his detention by Immigration and Customs Enforcement ("ICE") on November 12, 2025 and sought immediate release. (Id. at 4-7.) Petitioner also sought injunctive relief preventing Respondent from re-detaining him unless Respondent demonstrates at a pre-deprivation bond hearing, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is required. (Id. at 14.)

On March 18, 2026, the District Judge issued a Temporary Restraining Order mandating Respondent to release Petitioner immediately under the same conditions applicable to him prior to his November 12, 2025 detention, enjoining Respondent from re-detaining Petitioner without complying with all governing law, and enjoining Respondent from transferring Petitioner outside of the Central District of California pending final resolution of his case. (Dkt. 9.) The District Judge also directed Respondent to show cause why a preliminary injunction should not issue. (Id. at 10.) On March 20, 2026, Respondent filed a response (the "Response"), arguing that Petitioner's release moots the case and asking for dismissal. (Dkt. 11.)

On April 6, 2026, the District Judge concluded that Petitioner's release did not moot the Petition and that Petitioner continues to face the threat of re-arrest and detention. (Dkt. 16.) Therefore, the District Judge issued a preliminary injunction enjoining Respondent from re-detaining Petitioner absent compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i), and all other governing law. (Id. at 3.) The District Judge further

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-02542-MWC-AJR | Date | April 7, 2026 |
|---|---|---|---|
| Title | Yung Hoang Sexton v. D. Marin, et al. | | |

ordered that Respondent must apply the conditions applicable to Petitioner prior to his November 12, 2025 detention.  (Id.)  Finally, the District Judge enjoined Respondent from transferring Petitioner outside of the Central District of California pending final resolution of his case.  (Id.)

Based on the reasoning in the District Judge's Order Granting Preliminary Injunction, this action is not moot and the Petition should be granted.  Therefore, Respondent is **ORDERED TO SHOW CAUSE no later than April 17, 2026**, why the Petition should not be granted with permanent injunctive relief as ordered by the District Judge.  Specifically, the Court believes that it is appropriate based on the reasoning of the District Judge's Order Granting Preliminary Injunction to grant the Petition with the following injunctive relief:  (1) Respondent shall release Petitioner under the conditions applicable to him prior to his November 12, 2025 detention; and (2) Respondent shall not re-detain Petitioner absent compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i), and all other governing law.  The only aspect of the District Judge's preliminary injunction that does not appear to be necessary in a final judgment is the prohibition on transferring Petitioner outside of the Central District of California.  That probation is only necessary to maintain the Court's jurisdiction, but will not be necessary after this action is closed.  Moreover, Petitioner has been released from custody and therefore cannot be transferred outside of this district unless Respondent re-detains Petitioner in compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i), and all other governing law.  The Court intends to recommend the forgoing relief based on the District Judge's Order Granting Preliminary Injunction.  Respondent has until April 17, 2026 to respond with any reason why the Court should not do so.  If Respondent does not object to this relief, then Respondent need not file a response.  Respondent's failure to respond will be construed as consent to the granting of relief as set forth above.  See C.D. Cal. L.R. 7-12.

IT IS SO ORDERED.